The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



*John P. Gustafson*
United States Bankruptcy Judge

**Dated: June 4 2024**

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re  Richard Monroe | * | JUDGE JOHN P. GUSTAFSON |
| aka Burt Monroe | | |
| SSN: xxx-xx-6451 | * | Case No. 24-30137 G |
| | * | |
| | * | |

**Debtor**

### ORDER CONFIRMING PLAN

The debtor's plan filed on January 26, 2024, and as modified per a Stipulated Order Amending Plan filed May 28, 2024, having been transmitted to creditors, and it having been determined after hearing on notice that the plan complies with the provisions of Chapter 13, and with all applicable provisions of Title 11 and that each requirement of 11 U.S.C. Section 1325(a) has been met;

**IT IS THEREFORE ORDERED** that the plan be, and it hereby is, Confirmed; it is further,

**ORDERED that Richard Monroe remit monthly to**: **STANDING CHAPTER 13 TRUSTEE, P.O. Box 712284, Cincinnati, Ohio 45271-2284,** the sum of **$1,800.00** beginning immediately until he shall have paid to the Trustee the total monies required to consummate the plan; it is further,

**ORDERED** that Debtor(s) shall submit annually to the Trustee all Federal and State Tax Refunds (Net) for tax years **2023, 2024, 2025, 2026 & 2027** by April 15th of each year, **and submit copies of all tax returns to the Chapter 13 Trustee**, and the Debtor(s) agrees that no changes to tax withholdings shall be made without the written permission of the Trustee; and the parties agree that the case will be reviewed annually, upon receipt of any tax refunds, for possible increase in return to unsecured creditors; it is further,

**ORDERED** that the Debtor shall pay into the Plan all monthly net bonuses during the life of the Plan,

**ORDERED** that all creditors are enjoined from proceeding against the wages or other property of the debtor(s) without prior permission from this Court; that debtor's employer is enjoined from honoring garnishments, levies, executions or attachments of any kind whatsoever against the wages or other property of the debtor(s) during the pendency of this proceeding, the only exception being payroll deductions for court-ordered support and/or alimony payments; and the employer or debtor(s) shall further immediately notify the Trustee of any termination or suspension of the debtor's employment; it is further,

**ORDERED** that all creditors are enjoined from commencing or continuing any civil action, or attempting in any manner whatsoever to collect all or any part of a consumer debt proposed to be paid under this plan from any individual that is liable on such debt with the debtor(s) as endorser, guarantor or co-maker; it is further,

**ORDERED** that the Trustee disburse the monies paid in, by or for the debtor(s) under the plan in accordance with 11 U.S.C. Sections 1326 and 1325, and in the event of a dismissal of this case by the Court or by the debtor(s) pursuant to 11 U.S.C. Section 1307, all funds remaining in the hands of the Trustee at the time of dismissal shall be paid to the Chapter 13 creditors pursuant to the terms of this confirmed plan; it is further,

**ORDERED** that the Trustee may cease making payment(s) on any claim that is the subject of an Objection, until such time as the Objection is resolved by a final Order. During the pendency of the Objection, the Trustee shall take reasonable steps to insure that there are funds in the estate available to pay the claim if it is allowed as filed and is otherwise properly payable pursuant to the Confirmed Plan and the priorities set forth in the Bankruptcy Code; it is further,

**ORDERED** that debtor(s) shall maintain insurance coverage on all property, both real and personal, during the pendency of this plan; it is further,

**ORDERED** that during the pendency of this case, debtor(s) shall timely file all tax returns and pay any and all post-petition tax liabilities as required by law; it is further,

**ORDERED** that debtor(s) shall not incur additional debt exceeding $1000.00 in the aggregate without the consent of the Trustee; it is further,

**ORDERED** that debtor(s) shall inform the Trustee of any changes in circumstances or additional income received, and shall further comply with any requests of the Trustee with respect to additional financial information; it is further,

**ORDERED** that the Trustee shall disburse the monies paid in, by or for the Debtor(s) under the Plan in the following order of disbursement, as applicable, unless specifically indicated otherwise in the Plan, a Court Order, or a Stipulated Agreed Order between the Debtor(s) and a Creditor:

1st -   Trustee's authorized percentage fee
2nd -   Conduit mortgage payment(s)
3rd -   Secured creditor(s) with fixed monthly payments
4th -   All other secured claims, priority claims and Court-ordered attorney fees on a pro rata basis
5th -   General unsecured claims on a pro rata basis

**ORDERED** that the administrative expenses of the Trustee shall be paid in full pursuant to 11 U.S.C. Sections 503(b), 507(a)(1)(C), 1326(b)(2) and 28 U.S.C. Section 586(e)(1)(B).